**GOLDFEDER v. ILLETEWAHKE et al.**

**No. 4819.**

District Court, E. D. Oklahoma.
May 20, 1939.

Hal Welch and Carloss Wadlington, both of Ada, Okl., for plaintiff.

H. F. Mathis, of Ada, Okl., for defendants.

C. W. Miller, Asst. U. S. Dist. Atty., of Muskogee, Okl., for intervener.

RICE, District Judge.

This is a suit by the plaintiff to quiet his title in and to certain lands described in his petition and determine the various interests of the plaintiff and certain defendants in and to said lands. The inter-ests of those parties other than the plaintiff and the defendant Caroline Illetewahke are not in dispute. The suit was originally brought in the District Court of Pontotoc County, State of Oklahoma, and, after notice to the Superintendent for the Five Civilized Tribes, was removed to this court by the United States Government.

The land in question was conveyed by F. R. Harris and Lillie Harris to Caroline Illetwehke by warranty deed containing the usual granting clause and covenants, but having this additional provision:

"Except that the lands herein described shall not be leased, sold or encumbered in any manner by the grantee herein or her heirs prior to April 26, 1956, except with the approval of the County Court as required by fullblood Indian heirs."

The grantee Caroline Illetwehke subsequently conveyed to the plaintiff without the approval of the County Court.

Caroline Illetewahke is a fullblood Chickasaw Indian enrolled opposite roll No. 965. She is the daughter of Betsy Illetwehke, likewise a fullblood Chickasaw Indian. Upon the death of Betsy Illetewahke, Caroline inherited a portion of Betsy's allotted lands. Caroline conveyed her undivided interest in her mother's allotment to Harris and wife by deed properly approved by the County Court of Pontotoc County. The consideration for the conveyance by Caroline was a conveyance from Harris and wife to her of the lands in question. At the time of the approval of the deed from Caroline to Harris and wife the United States Probate Attorney represented the fullblood Indian. At his insistence the attempted restriction was included in the deed from Harris and wife to Caroline. Whether or not the County Judge would have approved the transaction without the restrictive clause is not shown.

The question for decision in this case is whether the deed from Caroline Illetwehke to plaintiff without approval of the County Court of Pontotoc County is void. Differently stated the question is, Does a County Judge of Oklahoma, who is authorized under the Acts of Congress to approve a deed to inherited land of a fullblood Indian, have the authority also to impose restrictions upon the sale of lands purchased by the fullblood with monies derived from the sale which was approved by the County Judge?

Apparently this is the first time this particular question has arisen. However, in regard to the nature of the estate acquired by purchase by a fullblood Indian the Supreme Court of Oklahoma has held the following: "The estate acquired by a fullblood Indian in the allotted lands of the Indian next of kin upon his death is an estate of inheritance, and not subject to administration or payment of debts against the estate of the deceased allottee, or deceased heir, and the interest acquired in said lands by a sale transaction, under the Act of Congress of May 27, 1908, is an estate by purchase and free from all restrictions in the hands of the Indian purchaser or his heirs * * *." Boyd v. Weer, 124 Okl. 91, 253 P. 988.

It is the position of the Government that the authority or power of the County Court in the present situation is the same as the power or authority of the Secretary of the Interior when the Secretary of the Interior authorizes the purchase of lands for a fullblood Indian out of restricted funds under his control. By Act of Congress of May 27, 1908, section 1, Chap. 199, 35 Stat. 312, the Secretary of the Interior was authorized to remove restrictions in certain cases on restricted Indian lands, wholly or in part, and under such rules and regulations concerning terms of sale and disposal of the proceeds for the benefit of the respective Indians as he might prescribe. Pursuant to this authority the Secretary of the Interior, among other rules, prescribed as follows: " 'Where lands are purchased for the use and benefit of any citizen of the Five Civilized Tribes, of the restricted class, payment for which is made from proceeds arising from the sale of restricted allotted lands * * * the superintendent * * * shall cause a conveyance of such lands to be made on a form of conveyance containing a habendum clause against alienation or encumbrance until April 26, 1931.' " Sunderland v. United States, 266 U.S. 226, 45 S.Ct. 64, 65, 69 L.Ed. 259. This rule was upheld as coming within the authority conferred by the Act of Congress in the following cases: United States v. Gray, 8 Cir., 201 F. 291; United States v. Law, 8 Cir., 250 F. 218; Sunderland v. United States, 266 U.S. 226, 45 S.Ct. 64, 69 L.Ed. 259; United States v. Brown, 8 Cir., 8 F.2d 564.

By the same Act of Congress of May 27, 1908, supra, § 9, it was provided:

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, That no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee. * * *"

The amendment to section 9 by the Act of April 12, 1926, 44 Stat. 239, made no change that would in any way affect the question involved in this case.

By these acts of Congress the County Court was made a Federal Agency for the purpose of approving conveyances by certain fullblood Indian heirs. There is nothing in the language conferring any other power upon the County Court or the County Judge. The act conferring the power upon the Secretary of the Interior, however, goes further and authorizes him to make rules and regulations governing the disposal and expenditure of the funds derived by Indians from the sale of restricted lands. As we understand the decisions relied upon by the Government it is this additional authority conferred upon the Secretary of the Interior that is made the basis of the decisions.

The fact that the United States Probate Attorney represented the Indian in the County Court of Pontotoc County and insisted upon the restriction attempted to be imposed is without significance. No suggestion is made that the Probate Attorney had any authority to impose restrictions, or to require that restrictions be imposed. The authority to impose restrictions upon alienation of Indian lands must come from the provisions of some Act of Congress. United States v. Watashe et al., 10 Cir., 102 F.2d 428.

There is much difference in the relation of the County Court to the fullblood Indian and the relation of the Secretary of the Interior to the fullblood Indian. The County Court is made the special agent of the Federal Government for one particular purpose, to-wit, the approval of certain deeds. The Secretary of the Interior is the official charged generally with the duty of protecting the fullblood Indians who are wards of the United States Government. The County Courts of Oklahoma are not charged with any such responsibility and the statute authorizing the County Judge to approve certain deeds by fullblood Indians should not be enlarged

by judicial construction to authorize the County Court thereafter to exercise general supervision over the proceeds derived from the sale of such lands, or to place restriction upon the alienation of lands not specifically authorized by some act of Congress.

Under the law of the State of Oklahoma the language inserted in said deed is incompatible with the conveying clause and is an attempted illegal restraint against alienation. Stone v. Easter, 93 Okl. 68, 219 P. 653. There being no authority for the County Judge to require such restriction, it follows that the language inserted is of no force and effect and the plaintiff is entitled to judgment as prayed for in his petition.